**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LISA MURPHY,
ADC #760343                                                                                      PLAINTIFF

V.                                    1:14CV00127-JM-JTK

FAUST, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Murphy, a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC), filed this pro se complaint pursuant to 42 U.S.C. § 1983.  She alleges that Defendant Faust directed her to give her debit card to Defendant Dewitt; Plaintiff and Dewitt then entered into an agreement for him to place money in her account on a monthly basis. (Doc. No. 2, p. 6.)  However, Plaintiff's money was lost and Defendant Dewitt was fired. (Id.) Plaintiff states she lost $1,000, and intends to file criminal charges against Defendant Faust, who was aware of Dewitt's actions.  (Id., p. 7.)  Plaintiff asks for damages from Defendants.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

2

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 556-7.

3

### III.     Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  The Court finds that Plaintiff's allegations against Defendants fail to state a claim upon which relief may be granted.  When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 530-537 (1984).  In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998).  See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail.   In this case, Plaintiff does not allege in her Complaint that she has utilized the post-deprivation remedy and therefore, the Court finds her claim should be dismissed.[1]  The Court also notes that although Plaintiff lists eight individuals as Defendants, she refers to improper acts by only three of those individuals in her Statement of Claim.  (Doc. No. 2, pp. 6-7.)

### IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison

---

[1]In addition, Plaintiff could file a complaint with the Arkansas Claims Commission, pursuant to ARK. CODE ANN. 19-10-208 (Lexis/Nexis 2007).

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

      3.     The Court certify that an in forma pauperis appeal from an Order and Judgment

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

      IT IS SO RECOMMENDED this 29th day of October, 2014.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.